UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO CABRERA, on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FOX TELEVISION STATIONS, LLC,<br><br>Defendant. | Case No. 25-cv-07228-JD<br><br>**ORDER RE ARBITRATION** |

  Plaintiff Maximiliano Cabrera worked at the KTVU-TV station in Oakland, California, which is owned by defendant Fox Television Stations, LLC (Fox). Cabrera filed in California state court a class action complaint on behalf of himself and fellow employees that alleged a variety of California wage and hour claims against Fox. Dkt. No. 1-2. Two collective bargaining agreements (CBAs) were in place during Cabrera's employment, and Fox removed the case to this Court on the basis of complete pre-emption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Dkt. No. 1. Cabrera did not challenge the removal.

  Fox asks to compel arbitration of Cabrera's first claim for failure to provide meal periods, and third claim for failure to pay hourly and overtime wages, under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (FAA), and the grievance and arbitration clauses in the CBAs. Dkt. No. 16. Cabrera objects to arbitration on the theory that the claims are outside the scope of the grievance and arbitration clauses, and that the clauses are otherwise unenforceable and have been waived by Fox. Dkt. No. 21. The claims are subject to arbitration and the case is stayed.

## BACKGROUND

  The salient facts are straightforward. Cabrera worked at Fox between July 2021 and September 2024. Dkt. No. 1-5 ¶ 14. Although Cabrera says Fox did not provide evidence of his

"inclusion in any labor union," Dkt. No. 21 at 3, the record demonstrates that Cabrera was a member of the International Brotherhood of Electrical Workers, AFL-CIO (IBEW) Local 45 during his employment. *See* Dkt. No. 1-5 ¶ 8 (declaration of Fox's director of human resources attesting to Cabrera's membership in IBEW Local 45 "during the entirety of his employment with Fox"). Cabrera did not establish otherwise.

Two CBAs governed the terms of Cabrera's employment with Fox.[1] The first CBA was in place between June 2019 and June 2022. Dkt. No. 17, Ex. 1 § 1.2. The second CBA was entered into in May 2023 and operates until May 2026. Dkt. No. 17, Ex. 2 § 1.2.

Each of the CBAs contains the same grievance and arbitration clause. As the clauses state:

> All questions, disputes, or controversies involving the interpretation or application of this [CBA] shall be settled and determined solely and exclusively by the grievance and arbitration procedures herein set forth.

Dkt. No. 17, Ex. 1 § 3.1, Ex. 2 § 3.1. The procedures mandate a meet and process between the union and Fox, followed by arbitration before the American Arbitration Association in Oakland, California, for disputes not resolved informally. *Id.*, Ex. 1 §§ 3.2-3.5, Ex. 2 §§ 3.2-3.5.

## DISCUSSION

### I.   LEGAL STANDARDS

The FAA's "overarching purpose . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Under Section 4 of the FAA, the Court's role is generally "limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "If the party seeking to compel arbitration establishes both factors, the district court 'must order the parties to proceed to arbitration only in accordance with the terms of their agreement.'" *McBurnie v. Acceptance Now, LLC*, 643 F. Supp. 3d 1041, 1045 (N.D. Cal. 2022) (quoting *Lifescan*, 363 F.3d at 1012), *aff'd in pertinent part sub nom. McBurnie*

---

[1] Fox requested judicial notice of the CBAs. Dkt. No. 17. Cabrera did not object to notice, or dispute the contents of the CBAs proffered by Fox. Judicial notice is warranted. *See* Fed. R. Evid. 201(b)(2); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

*v. RAC Acceptance East, LLC*, 95 F.4th 1188 (9th Cir. 2024). To construe the arbitration clauses, each side applied California state law. The Court will follow suit.

## II.   THE CLAIMS ARE ARBITRABLE

Fox has demonstrated that Cabrera's claim for unpaid hourly and overtime wages falls within the scope of the arbitration clauses. The basis of the unpaid wages claim is California Labor Code Section 510. *See* Dkt. No. 1-2 at 12. Section 514 of the Labor Code expressly states that Section 510 does "not apply to an employee covered by a valid collective bargaining agreement" when the agreement specifies "the wages, hours of work, and working conditions," and provides "premium wage rates" for overtime and "a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. In those circumstances, "section 510 does not apply to an employee who is subject a qualifying CBA," and the employee's wage claim "exists solely as a result of the CBA." *Curtis v. Irwin Enterprises, Inc.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (quotations and citation omitted).

That is the situation here. Fox established that the conditions of Section 514 were satisfied during the time of Cabrera's employment. *See* Dkt. No. 17, Ex. 1 §§ 4.1-4.7, 5.1-5.6, Ex. 2 §§ 4.1-4.7, 5.1-5.6. Cabrera did not dispute any of this, and made no effort to address Section 514 in any respect. *See* Dkt. No. 21 at 8-9. Consequently, Cabrera's third claim for unpaid wages arises solely under the CBAs and is subject to their arbitration clauses.

So too for the first claim for meal breaks. The basis of this claim is Section 512 of the California Labor Code. *See* Dkt. No. 1-2 at 8. But Section 512(d) of the Labor Code states that, for employees who work in "the broadcasting industry" and are "covered by a valid collective bargaining agreement" that provides for meal breaks and a monetary remedy for missed breaks, the CBA applies "in lieu of" Section 512. Cal. Lab. Code § 512(d). Fox established that the conditions of Section 512(d) were satisfied for Cabrera. *See* Dkt. No. 1-5 ¶ 8; Dkt. No. 17, Ex. 1 § 4.3, Ex. 2 § 4.3. Cabrera again did not dispute these facts, or otherwise say why Section 512(d) might not apply. *See* Dkt. No. 21 at 8-9. Consequently, Cabrera's first claim for meal breaks also arises solely under the CBAs and is subject to their arbitration clauses.

1     Rather than address the statutory exceptions for CBAs in the Labor Code, Cabrera focused
2 on a few ancillary objections to arbitration. He says the arbitration clauses are unenforceable
3 because he never personally saw or accepted them. Dkt. No. 21 at 4-5. But a union such as IBEW
4 Local 45, of which Cabrera was a member, "may agree to the inclusion of an arbitration provision
5 in a collective-bargaining agreement in return for other concessions from the employer." *14 Penn
6 Plaza LLC v. Pyett*, 556 U.S. 247, 257 (2009). "A union has the authority to bind the members of
7 the bargaining unit to the terms of a collective bargaining agreement, whether or not they are
8 members of the union, and whether or not they were employed in the bargaining unit at the time
9 the agreement was entered into or ratified." *Porter v. Quillin*, 123 Cal. App. 3d 869, 874 (1981)
10 (citation omitted)). Consequently, Cabrera is "bound by the terms of a collective bargaining
11 agreement, even though [he] is not formally a party to the agreement." *Morgan v. Bd. of Pension
12 Comrs.*, 85 Cal. App. 4th 836, 840 (2000) (citation omitted).

13     Cabrera's suggestion that the arbitration clauses are unconscionable under California law is
14 also misdirected. Cabrera posits, without citation to a case or other arguable authority, that an
15 arbitration clause in a CBA is subject to the same state law unconscionability concerns that might
16 apply to an employment contract outside a CBA. *See* Dkt. No. 21 at 6-8 (citing *Armendariz v.
17 Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)). But the California Supreme Court
18 has cautioned against an "inquiry into the fairness of the arbitration machinery itself as part of the
19 court's role in considering a motion to compel arbitration under a bona fide collective bargaining
20 agreement." *Dryer v. Los Angeles Rams*, 40 Cal. 3d 406, 412 (1985). Such an inquiry would
21 weaken a "union's status in collective bargaining" and "deprive employer and union of the ability
22 to establish a uniform and exclusive method for orderly settlement of employee grievance." *Id*. at
23 413 (internal quotations and citation omitted).

24     Our circuit has concluded that the hallmarks of procedural unconscionability are absent in
25 the context of a collective bargaining agreement. That is because a union and an employer "are
26 conclusively presumed to have equal bargaining strength." *Waggoner v. Dallaire*, 649 F.2d 1362,
27 1367 (9th Cir. 1981) (citation omitted). The essential quality of collective bargaining negotiations

necessarily "undermines" the possibility of procedural unconscionability. *Mull v. Motion Picture Industry Health Plan*, 41 F.4th 1120, 1132 (9th Cir. 2022) (citation omitted).

Consequently, even assuming purely for discussion that an unconscionability analysis might apply, Cabrera cannot show any degree of procedural unconscionability. Cabrera's single suggestion of substantive unconscionability is also not well taken. He says the arbitration clauses shorten the statutes of limitations and so cause "the waiver of statutory rights," Dkt. No. 21 at 7, but that is of no moment given that his claims are based solely on the terms of the CBAs.

### III. NO WAIVER

Cabrera's closing challenge is that Fox waived arbitration by filing a motion to dismiss at about the same time as the motion to compel. The suggestion borders on the frivolous. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration [and] (2) acts inconsistent with that existing right." *Palma v. Wells Fargo Bank, Nat'l Ass'n*, No. 24-CV-02618-JD, 2024 WL 5112748, at *2 (N.D. Cal. Dec. 12, 2024) (internal quotations and citation omitted). A finding of waiver is typically based on a record demonstrating that a party sat on its rights to compel arbitration while taking advantage of the benefits of litigating in court. *See, e.g., DZ Reserve v. Meta Platforms, Inc.*, No. 18-cv-04978-JD, 2025 WL 3459061, at *3-4 (N.D. Cal. Dec. 2, 2025) (finding waiver after many years of substantive litigation in court). Fox did nothing of the sort here. It started the proceedings to compel arbitration within days of removing the case to this Court. *See* Dkt. Nos. 1, 6. Little else has happened since then. Fox's motion to dismiss, Dkt. No. 18, essentially repeats the same arguments made in the motion to compel arbitration as an alternative challenge if arbitration were denied. It bears mention that the Court terminated the motion to dismiss in favor of deciding the question of arbitration first. Dkt. No. 26. This not a record that warrants a finding of waiver.

### IV. INDIVIDUAL ARBITRATION

Fox asks that arbitration proceed on an individual basis only. *See* Dkt. No. 16 at 10. Cabrera did not contest the request or otherwise address the question of individual versus class arbitration. Because the arbitration clauses here make no mention of class arbitration, the claims

5

will proceed on an individual basis.  *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 185 (2019) ("courts may not infer consent to participate in class arbitration absent an affirmative contractual basis for concluding that the party *agreed* to do so." (internal quotations and citation omitted, emphasis in original)).

## CONCLUSION

The first and third claims in the complaint are ordered to arbitration.  The case is stayed pending further order.  *See* 9 U.S.C. § 3.  The parties will file a joint status report every 90 days beginning on January 26, 2026.

**IT IS SO ORDERED.**

Dated: December 9, 2025

JAMES DONATO
United States District Judge