D.LAW, INC.
David Keledjian (SBN 309135)
d.keledjian@d.law
David Arakelyan (SBN 337076)
d.arakelyan@d.law
250 N. Madison Ave. 2nd Floor
Pasadena, CA 91101
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff MAXIMILIANO CABRERA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MAXIMILIANO CABRERA, on behalf of himself and all others similarly situated, and the general public,

*Plaintiff*,

v.

FOX TELEVISION STATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

*Defendants*.

Case No.: 25-cv-07228-JD

Filed Pursuant to the Court's February 17, 2026, Order re Consolidation in Case No. 25-cv-09422-JD

**FIRST AMENDED CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
2. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
3. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
4. Failure to Indemnify (Lab. Code § 2802);
5. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); and
6. Civil Penalties (Lab. Code § 2698, *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff MAXIMILIANO CABRERA ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this class action against Defendants FOX TELEVISION STATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

a. failed to provide them with rest periods;

b. failed to pay them premium wages for missed rest periods;

c. failed to provide them with accurate written wage statements;

d. failed to reimburse them with necessary business expenditures;

e. failed to pay them all their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, liquidated damages, penalties, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

**JURISDICTION AND VENUE**

2. This matter was removed by Defendant to this Court from the Alameda County Superior Court. Plaintiff reserves the right to challenge federal jurisdiction in this matter.

3. On December 19, 2025, Court compelled Plaintiff's original causes of action for failure to provide meal periods and failure to pay hourly wages and overtime to arbitration.

4. The Court subsequently consolidated this matter and Plaintiff's PAGA only action, Case No. 25-cv-09422-JD, on February 17, 2026, and ordered Plaintiff to file this amended consolidated complaint.

**PARTIES**

5. Plaintiff MAXIMILIANO CABRERA is, and at all relevant times mentioned herein, an individual residing in the State of California.

6. Plaintiff is informed and believes, and thereupon alleges that Defendant FOX TELEVISION STATIONS, LLC is, and at all relevant times mentioned herein, a Delaware limited

liability company corporation doing business in the State of California.

7. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, owners, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

9. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

10. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

11. This action has been brought and may be maintained as a class action pursuant to

F.R.C.P. Rule 23 and the Court's Order re Consolidation, signed on February 17, 2026, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

**12.** **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

a. **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

b. **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

c. **Wage Statement Class**: All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

d. **Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

e. **UCL Class**: All **Hourly Employee Class** and **Expense Reimbursement Class** members employed by Defendants in California during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

13. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

a. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

b. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

c. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

d. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

e. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

f. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

17. **Adequacy of Class Representative:** Plaintiff is an adequate class representative and has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of

effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20. Plaintiff worked for Defendants as a non-exempt employee during the relevant and statutory periods.

21. Defendants had a common policy and practice of systemically denying Plaintiff and Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiff and Class Members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and Class Members of their rest period rights; (3) Defendants' policy and practice of requiring Plaintiff and Class Members to monitor their radios while on rest breaks; (4) Defendants' policy and practice of requiring putative class members to continue working through their rest breaks due to the excessive workload and discouraging taking rest breaks.

22. Furthermore, Defendants failed to pay Plaintiff and Class Members premium pay wages at their appropriate regular rates of pay for each rest period denied.

23. Plaintiff and Class Members were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to issue wage statements as "a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." Additionally, the wage statements issued to Plaintiff and Class Members were not recorded in "ink or other indelible form."

24. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

25. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

26. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

27. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

28. Furthermore, Defendants failed to provide Plaintiff and Class Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and Class Members' wage statement were only provided in electronic format in violation of Labor Code § 226.

29. Plaintiff and Class Members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiff and Class Members were required to use their personal cellphones and phone subscription plans to communicate with their co-workers and supervisors in order to complete their duties under Defendants' employ. Moreover, Plaintiff and Class Members were required to pay the costs of their tools, including fire safety gear, phone and camera cables, gloves, and helmets, which were required to complete their work-related duties. Plaintiff and Class members were not reimbursed for these necessary work-related expenses.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

## (Lab. Code §§ 204, 223, 226.7 and 1198)

## (Plaintiff and Rest Period Sub-Class)

30. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

31. At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

32. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

33. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

34. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

35. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

36. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or major fraction thereof, as required by the applicable Wage Order.

37. Plaintiff and **Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised **Rest Period Sub-Class** members of their rest period rights; (3) Defendants' policy and practice of requiring **Rest Period Sub-Class** members to monitor their radios while on rest breaks; (4) Defendants' policy and practice of requiring **Rest Period Sub-Class** members to continue working through their rest breaks due to the excessive workload, maintaining and monitoring their radios during breaks, and discouraging taking rest breaks.

38. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

39. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

40. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

41. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42. Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be

> kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

43. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

44. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Plaintiff and **Wage Statement Class** members with written wage statements as described above. Additionally, the wage statements issued to class members failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

45. Furthermore, Defendants failed to provide Plaintiff and **Wage Statement Class** Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and **Wage Statement Class** members' wage statements were only provided in electronic format in violation of Labor Code § 226.

46. Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

47. Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused

difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

48. Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

## (Lab. Code §§ 201-203)

## (Plaintiff and Waiting Time Penalties Sub-Class)

49. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

50. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

51. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

52. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

53. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all their final wages in accordance with the Labor Code.

54. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

sections 201 or 202 by failing to timely pay them all final wages.

55. Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members has been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

56. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

57. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY

## (Lab. Code § 2802)

## (Plaintiff and Reimbursement Class)

58. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

59. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

60. Plaintiff and **Expense Reimbursement Class** members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiff and **Expense Reimbursement Class Members** were required to use their personal cellphones and phone subscription plans to communicate with their co-workers and supervisors in order to complete their duties under Defendants' employ. Moreover, Plaintiff and **Expense Reimbursement Class Members** were required to pay the costs of their tools, including fire safety gear, phone and camera

cables, gloves, and helmets, which were required to complete their work-related duties. Plaintiff and **Expense Reimbursement Class Members** were not reimbursed for these necessary work-related expenses.

61. Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of the Complaint and until the date of entry of judgment.

62. Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

63. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

64. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

65. Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

66. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

67. Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, THIRD, and FOURTH causes of action herein.

68. Plaintiff lost money or property as a result of the aforementioned unfair competition.

69. Defendants have or may have acquired money by means of unfair competition.

70. Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

71. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant rest periods; and reimbursement for necessary business expenditures.

72. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code section 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

73. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

74. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

75. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

76. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

77. Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor

Code and applicable Wage Orders.

78. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

79. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

80. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

81. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

82. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**SIXTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698 *et seq.*)**

**(Plaintiff Against All Defendants)**

83. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

84. At all relevant times, Plaintiff and the **Aggrieved Employees** have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

85. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

86. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

87. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

88. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

89. Section 11 of the applicable Wage Order states:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

90. At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Aggrieved Employees** were not subject to valid on-duty meal period agreements with Defendants.

91. Plaintiff alleges that, at all relevant times during the applicable limitations period,

Defendants maintained a policy or practice of not providing Plaintiff and Aggrieved Employees with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order. Specifically, due to understaffing, heavy workloads, and pre-shift duties noted above, Plaintiff and **Aggrieved Employees** were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. When Defendants allowed Plaintiff and **Aggrieved Employees** to take their meal periods, those were scheduled at Defendants' convenience and were not in compliance with the requirements set by California law. Furthermore, the uncompensated pre-shift duties, discussed herein, further delayed Plaintiff's and **Aggrieved Employees**' meal periods to commence after the completion of their fifth hours of work.

92. Aggrieved Employees were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; and (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Aggrieved Employees of their meal and rest period rights; and (3) Defendants' practice of requiring Aggrieved Employees to continue working through their meal due to the excessive workloads and failure to schedule such meal periods at the proper times.

93. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Aggrieved Employees** when they worked five (5) hours without clocking out for any meal period.

94. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and Aggrieved Employees with a second meal period when they worked shifts of ten (10) or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

95. Moreover, Defendants written policies fail to inform Meal period Aggrieved Employees of their meal period rights under the Labor Code and applicable Wage Orders.

96. At all relevant times, Defendants failed to pay Plaintiff and **Aggrieved Employees** additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

97. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks to recover reasonable attorneys' fees.

98. At all relevant times, Plaintiff and **Aggrieved Employees** have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

99. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

100. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

101. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

102. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

103. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing **Aggrieved Employees** with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or major fraction thereof, as required by the applicable Wage Order.

104. Plaintiff and **Aggrieved Employees** were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and **Aggrieved Employees** of their rest period rights; and (3) Defendants' policy and practice of requiring Plaintiff and **Aggrieved**

**Employees** to monitor their radios while on rest breaks; (4) Defendants' policy and practice of requiring Plaintiff and **Aggrieved Employees** to continue working through their rest breaks due to the excessive workload and discouraging taking rest breaks.

105. At all relevant times, Defendants failed to pay Plaintiff and **Aggrieved Employees** additional premium wages when required rest periods were not provided.

106. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks to recover reasonable attorneys' fees.

107. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

108. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

109. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

110. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

111. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

112. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

113. Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

114. Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

115. Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

116. Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours worked on the seventh consecutive day of one workweek.

117. Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two (2) times their respective regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

118. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Aggrieved Employees** with respect to working conditions and compensation arrangements.

119. At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Aggrieved Employees** for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates. Plaintiff and **Aggrieved Employees** were not paid proper wages and overtime for all hours worked, at the proper rates of pay. Specifically, Plaintiff and **Aggrieved Employees** were consistently required to perform work, off-the-clock, for which they were not paid wages. Prior to clocking in, Plaintiff and **Aggrieved Employees** would read the news stories to prepare for their day of shooting and take photos and videos of potential news stories to send in to Management. Further, while off-the-clock, Plaintiff and **Aggrieved Employees** were required to communicate with their co-workers or supervisors regarding various work-related issues, including problems with equipment. Additionally, Plaintiff and **Aggrieved Employees** were required to complete their timesheets using

their personal cellular phones while off-the-clock. The foregoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid.

120. This uncompensated time caused Plaintiff and **Aggrieved Employees** to work in excess of eight (8), ten (10), and twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and **Aggrieved Employees** to minimum and overtime wages, which they were systemically denied.

121. As a result of Defendants' unlawful conduct, Plaintiff and **Aggrieved Employees** have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

122. Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

123. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks to recover reasonable attorneys' fees.

124. Therefore, **Aggrieved Employees** are owed the unpaid balance of said wages pursuant to the Wage order according to proof at trial, interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs and/or penalties pursuant to Labor Code § 558(a).

125. Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a

> social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

126. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

127. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Plaintiff and **Aggrieved Employees** with written wage statements as described above. Additionally, the wage statements issued to Aggrieved Employees failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

128. Furthermore, Defendants failed to provide Plaintiff and **Aggrieved Employees** with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's **Aggrieved Employees**' wage statements were only provided in electronic format in violation of Labor Code § 226.

129. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

130. Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Aggrieved Employees** with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

131. Plaintiff and **Aggrieved Employees** have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

132. At all relevant times, Plaintiff and **Aggrieved Employees** have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

133. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

134. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

135. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Aggrieved Employees** all their final wages in accordance with the Labor Code.

136. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Aggrieved Employees** their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

137. Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Aggrieved Employees** has been willful in that Defendants have

the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

138. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

139. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks awards of reasonable attorneys' fees and costs.

140. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

141. Plaintiff and **Aggrieved Employees** were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiff and **Aggrieved Employees** were required to use their personal cellphones and phone subscription plans to communicate with their co-workers and supervisors in order to complete their duties under Defendants' employ. Moreover, Plaintiff and **Aggrieved Employees** were required to pay the costs of their tools, including fire safety gear, phone and camera cables, gloves, and helmets, which were required to complete their work-related duties. Plaintiff and **Aggrieved Employees** were not reimbursed for these necessary work-related expenses.

142. Accordingly, Plaintiff and **Aggrieved Employees** are entitled to restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of the Complaint and until the date of entry of judgment.

143. Plaintiff, on behalf of himself, and **Aggrieved Employees**, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

144. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

145. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

146. Plaintiff lost money or property as a result of the aforementioned unfair competition.

147. Defendants have or may have acquired money by means of unfair competition.

148. Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

149. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; proper sick time pay; reporting time pay; and reimbursement for necessary business expenditures.

150. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code section 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of Aggrieved Employees.

151. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

152. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

153. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

154. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

155. Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

156. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

157. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

158. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **Aggrieved Employees** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

159. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **Aggrieved Employees**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

160. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **Aggrieved Employees** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

161. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, and 2802.

162. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

163. Plaintiff, a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c). Plaintiff was employed by Defendants as a non-exempt hourly employee in California. Aggrieved Employees include all non-exempt hourly employees of Defendants within the state of California from one year prior to the date of this letter and continuing through the present (Plaintiff and Aggrieved Employees are collectively referred to herein as "Aggrieved Employees")

164. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an intent to investigate.

165. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, and 2802:

i. For violations of Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 227.3, 1174, 1194, 1198 and 2802, one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

ii. For violations of Labor Code § 203, a penalty in an amount not exceeding thirty

(30) days' pay as waiting time (penalties set by Labor Code § 256);

iii. For violations of Labor Code § 204, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

iv. For violations of Labor Code § 223, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

v. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for each violation (penalties set by Labor Code § 226.3);

vi. For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each employee for each initial pay period for which the employee was underpaid, and one hundred dollars ($100) for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558);

vii. For violations of Labor Code § 1197, one hundred dollars ($100) for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional and two hundred and fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1);

viii. Pursuant to Labor Code § 2699(g), Plaintiff seeks an award of reasonable attorneys' fees and costs in connection with Plaintiff's claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

a. An order that the action be certified as a class action;

b. An order that Plaintiff be appointed class representative;

c. An order that counsel for Plaintiff be appointed class counsel;

d. Unpaid wages and overtime;

e. Actual damages;

f. Liquidated damages;

g. Unreimbursed expenses;

h. Restitution;

i. Declaratory relief;

j. Pre-judgment interest;

k. Civil penalties;

///

///

///

///

l. Statutory penalties;

m. Costs of suit;

n. Reasonable attorneys' fees; and

o. Such other relief as the Court deems just and proper.

Dated: March 16, 2026

D.LAW, INC.

*/s/ David Arakelyan*

David Keledjian
David Arakelyan
Attorneys for Plaintiff
MAXIMILIANO CABRERA, and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: March 16, 2026

D.LAW, INC.

*/s/ David Arakelyan*
David Keledjian
David Arakelyan
Attorneys for Plaintiff
MAXIMILIANO CABRERA, and the putative class